UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:

ANTHONY CHRISTOPHER PHILLIPS
and APRIL LASHAWN PHILLIPS a/k/a
APRIL LASHAWN SINGLETON,

                      Case No.: 12-72379-ast
                      Chapter 7

                                   Debtors.
------------------------------------------------------------X

## DECISION AND ORDER GRANTING TRUSTEE'S MOTION
## TO DISALLOW CO-DEBTOR ANTHONY CHRISTOPHER PHILLIPS
## FROM CLAIMING MULTIPLE PERSONAL INJURY EXEMPTIONS

*Issue Pending and Summary of Ruling*

Pending before this Court is the Chapter 7 Trustee's motion to disallow two personal injury exemptions claimed by the co-debtor, Anthony Christopher Phillips ("Mr. Phillips"). Mr. Phillips asserts that, under § 522(d)(11)(D) of the Bankruptcy Code,[1] he may exempt payments to be received from two discrete prepetition personal injury lawsuits, and from each lawsuit receive up to the statutory cap set out in § 522(d)(11)(D), thus potentially doubling the exemption available had he only been in one accident. The Trustee argues that Mr. Phillips may only claim one personal injury exemption up to the cap in § 522(d)(11)(D) regardless of how many discrete prepetition personal injuries Mr. Phillips suffered. The issue presented is the extent to which a debtor is entitled to exempt payments to be received from multiple prepetition personal bodily injuries. For the reasons more fully set forth herein, the Court grants the Chapter 7 Trustee's motion and limits Mr. Phillips' exemption claim to the statutory cap regardless of the number of injuries suffered, and regardless of the number of events which caused the injuries.

---

[1] All references to the Bankruptcy Code herein are to the provisions of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (2012).

1

*Jurisdiction*

This Court has jurisdiction over this core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B) and 1334(b), and the standing Order of Reference in effect in the Eastern District of New York dated August 28, 1986, and as amended on December 5, 2012 but made effective *nunc pro tunc* as of June 23, 2011.

*Background*

On April 17, 2012, Mr. Phillips and April Lashawn Phillips a/k/a April Lashawn Singleton ("Mrs. Phillips") filed a voluntary joint petition (the "Petition") for relief under Chapter 7 of the Bankruptcy Code. [dkt item 1]  Prior to commencement of this case, Mr. Phillips and Mrs. Phillips each suffered personal bodily injuries resulting from their involvement in three separate car accidents.  In the Petition, Mrs. Phillips scheduled an interest in one prepetition personal injury cause of action stemming from one of these car accidents; she claimed one personal injury exemption under § 522(d)(11)(D) for the statutory maximum of $21,625.  Mr. Phillips scheduled interests in two prepetition personal injury causes of action stemming from two different car accidents (the "Accidents"), which resulted in separate and distinct injuries.  Mr. Phillips has claimed two separate personal injury exemptions pursuant to § 522(d)(11)(D),[2] each for the statutory maximum, and for an aggregate value of $43,250 (the "Exemptions").[3]

---

[2] Section 522 authorizes co-debtors to each claim separate exemptions and thereby double the monetary amount of their exemptions. *See* 11 U.S.C. § 522(m); 8 COLLIER ON BANKRUPTCY ¶ 522.04 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.). Therefore, as a general matter, Mr. Phillips and Mrs. Phillips are each entitled to claim a personal injury exemption.

[3] Schedule B to the Petition identifies three personal injury causes of action. [dkt item 1] On Amended Schedule C, Mr. Phillips asserted two personal injury exemptions for two of the Accidents, each for $21,625, as follows: 1) Ira Rogoway, valued at $25,000; and 2) Anthony Mallilo, valued at $35,000. [dkt item 13] Initially, Mr. Phillips also claimed a federal wild card exemption under 11 U.S.C. § 522(d)(5) for $1,935 to be applied toward his interest in the second accident. [dkt item 1] Mr. Phillips subsequently amended Schedule C and chose not to apply the federal wild card exemption toward the value of his interest in either of the Accidents in excess of the statutory maximum. [dkt item 13]

On July 18, the Chapter 7 Trustee (the "Trustee") filed an objection to Mr. Phillips' claim of exemptions under Rule 4003(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") (the "Trustee's Motion"). [dkt item 20]. The Trustee asserts that the plain language of § 522(d)(11)(D), as analyzed by the Court of Appeals for the First Circuit in *In re Christo*, 192 F.3d 36 (1st Cir. 1999), prohibits Mr. Phillips from claiming the Exemptions to the extent so claimed.

On August 3, Mr. Phillips filed an objection to the Trustee's Motion, contending that the *Christo* decision does not control this Court's analysis, that the language of the statute should be liberally construed in favor of Mr. Phillips, and that as discussed in several decisions from bankruptcy courts outside this district, § 522(d)(11)(D) authorizes Mr. Phillips to claim multiple personal injury exemptions stemming from multiple prepetition personal injury causes of action. [dkt item 23]

On September 19, the Court held a hearing on the Trustee's Motion and at the conclusion of the hearing took this matter under submission.

*Discussion*

This controversy presents only a question of law; resolution of this matter turns on the precise meaning of § 522(d)(11)(D). Thus, the Court must begin its inquiry by looking to the language of the statute itself. *Lamie v. United States Trustee*, 540 U.S. 526, 534 (2004); *United States v. Ron Pair Enters.*, 489 U.S. 235, 241 (1989); *In re Miller*, 462 B.R. 421, 429 (Bankr. E.D.N.Y. 2011). Courts are required to apply the plain meaning of a statute, unless the statute is ambiguous or applying the unambiguous plain meaning would yield an absurd result. *Hartford Underwriters Ins. Co. v. Union Planters Bank, Nat'l Ass'n*, 530 U.S. 1, 6 (2000) ("[W]hen the statute's language is plain, the sole function of the courts – at least where the disposition required

by the text is not absurd – is to enforce it according to its terms."); *Miller*, 462 B.R. at 429-30. Statutory language is ambiguous if it is susceptible to two or more reasonable meanings. *In re Med Diversified, Inc.*, 461 F.3d 251, 255 (2d Cir. 2006). In determining plainness or ambiguity, courts are directed to look "to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole." *Robinson v. Shell Oil Co.*, 519 U.S. 337, 341 (1997). Moreover, courts may utilize canons of statutory construction to help resolve any ambiguity. *United States v. Colasuonno*, 697 F.3d 164, 173 (2d Cir. 2012); *United States v. Dauray*, 215 F.3d 257, 264 (2d Cir. 2000). However, where both the plain meaning and the rules of statutory construction are unavailing, courts may resort to legislative history to aid in their interpretation. *See Colasuonno*, 697 F.3d at 173; *Dauray*, 215 F.3d at 264; *see also In re Aiello*, 428 B.R. 296, 299-300 (Bankr. E.D.N.Y. 2010). Therefore, this Court will first consider the plain meaning of § 522(d)(11)(D).

*1. Textual Analysis of § 522(d)(11)(D) and the Bankruptcy Rules of Construction*

Section 522(d)(11)(D) provides that a debtor is entitled to claim as exempt:

(11) The debtor's right to receive, or property that is traceable to . . .

(D) a payment, not to exceed $21,625, on account of personal bodily injury, not including pain and suffering or compensation for actual pecuniary loss, of the debtor or an individual of whom the debtor is a dependent . . . .

11 U.S.C. § 522(d)(11)(D). Mr. Phillips' Exemptions only involve "personal bodily injury," and not "pain and suffering or compensation for actual pecuniary loss."

Courts that have considered the plain meaning of § 522(d)(11)(D) have found that the phrase "a payment, not to exceed $21,625, on account of personal bodily injury," renders the statute ambiguous, because it is susceptible to more than one reasonable meaning. *See, e.g.*, *In re Christo*, 192 F.3d at 38; *In re Daly*, 344 B.R. 304, 314 (Bankr. M.D. Pa. 2005) (citing *Christo*,

4

192 F.3d at 40-41 (Gibson, J., dissenting)) ("The statute simply does not say whether 'a payment . . . on account of personal bodily injury' refers to one or more such payment."); *In re Comeaux*, 305 B.R. 802, 806-07 (Bankr. E.D. Tex. 2003); *In re Marcus*, 172 B.R. 502, 504 (Bankr. D. Conn. 1994) ("The language of § 522(d)(11)(D) is not plain, but ambiguous, as to whether it exempts single or multiple exemptions for bodily injury."). More specifically, courts have concluded that the statutory text is unclear as to whether a debtor is limited to asserting a single exemption up to the statutory maximum regardless of how many separate injuries the debtor may have suffered, or whether the debtor may assert multiple exemptions for each separate accident. *See, e.g., Christo*, 192 F.3d at 39 (concluding that "the phrase 'on account of personal bodily injury' should be interpreted as defining the *nature* of the payment that is exempt and not the *number* of injuries suffered"); *Daly*, 344 B.R. at 313-15; *Comeaux*, 305 B.R. at 805-07; *Marcus*, 172 B.R. at 504. Respectfully, this Court disagrees and concludes that § 522(d)(11)(D) is not ambiguous.

Case law on statutory construction in this Circuit directs this Court, in ascertaining plain meaning, to consider the text of § 522(d)(11)(D) by itself as well as in conjunction with any applicable rules of construction. *See Colasuonno*, 697 F.3d at 173; *Dauray*, 215 F.3d at 261. Accordingly, this Court will first look to the rules of construction found in the Bankruptcy Code. Section 102(7) provides that "the singular includes the plural." 11 U.S.C. § 102(7). Thus, § 522(d)(11)(D)'s term "a payment" encompasses both a singular payment as well as multiple payments, and the term "injury" includes multiple injuries. Given this rule of construction, § 522(d)(11)(D) should be read as "a payment [or payments], not to exceed $21,625, on account of personal bodily injury [or injuries]." The grammatical structure of § 522(d)(11)(D), therefore, requires the monetary cap "not to exceed $21,625" to apply with equal force to either one or

multiple payment(s) and regardless of how many injuries the debtor suffered. *See, e.g., Ron Pair Enters.*, 489 U.S. at 241.

This construction is consistent with Second Circuit precedent, which has applied § 102(7) to construe the phrase "a transfer" as meaning one or more transfers. In *Universal Church v. Geltzer*, the Second Circuit considered whether § 548(a)(2)(A)'s safe harbor provision for transfers of charitable contributions applied individually to each charitable contribution or to a debtor's aggregate charitable contributions for a given year. *Universal Church v. Geltzer*, 463 F.3d 218, 223 (2d Cir. 2006), *cert. denied*, 549 U.S. 1113 (2007), *aff'g in part*, *Geltzer v. Universal Church*, 2005 WL 6124844 (E.D.N.Y. Feb. 16, 2005). In *Universal Church*, the Chapter 7 trustee sued the Universal Church ("the Church") seeking to avoid and recover various prepetition transfers the debtor had made to the Church as constructively fraudulent under § 548. *Id.* at 222. The transfers at issue were tithings that the debtor had made to her church for the prepetition years of 1997 through 1999. *Id.* The Church defended, in part, based on the charitable contribution safe harbor of § 548(a)(2)(A), which provides:

> (2) A transfer of a charitable contribution to a qualified religious or charitable entity or organization shall not be considered to be a transfer . . . . [that may be avoided by the trustee] in any case in which –
>
> (A) the amount of that contribution does not exceed 15 percent of the gross annual income of the debtor for the year in which the transfer of the contribution is made . . . .

11 U.S.C. § 548(a)(2). While recognizing that it was "the first circuit to decide whether this provision applies individually to each charitable contribution or to a debtor's aggregate charitable contributions for the year," the Second Circuit noted as follows: "Here, the statute uses the singular 'transfer' and 'contribution,' suggesting that contributions should be considered one at a time. The Church argues, and the bankruptcy court agreed, that we should stop there

6

because other sections of the Bankruptcy Code use the plural 'contributions' or the word 'aggregate,' which shows that Congress knew how to use these words when they so desired." *Universal Church*, 463 F.3d at 223, *referencing* §§ 547(c)(8); 1325(b)(2)(A). However, relying in part on § 102(7) and in part on the legislative history of § 548(a)(2), the court read § 548(a)(2)'s safe harbor provision to exempt a debtor's aggregate charitable contributions within a given year, and concluded that the dollar amount for either one or multiple contributions "[may] not exceed 15 percent of the debtor's adjusted gross income," in spite of the Congressional safe harbor for "a transfer." *Id.* at 225.[4]

Thus, applying the reasoning of *Universal Church* to this case, this Court holds that § 522(d)(11)(D), when read in light of § 102(7), is not ambiguous and its plain meaning authorizes a debtor to claim a single exemption, not to exceed $21,625 in the aggregate, regardless of: 1) how many payments the debtor receives or expects to receive, or 2) how many accidents or incidences occurred which caused a debtor to suffer personal bodily injuries, or 3) how many different parts of a debtor's body were injured. This is not an absurd result.

Once the plain meaning has been ascertained and determined to not lead to an absurd result, no further statutory construction analysis is required. *See Colasuonno*, 697 F.3d at 173-74 (holding that § 362(b)(1)[5] of the Bankruptcy Code does not temporarily stay a debtor's

---

[4] In *Universal Church*, the district court determined that § 548(a)(2) was unambiguous by looking to the plain language of the statute as viewed in the context of § 102(7). *Universal Church*, 2005 WL 6124844, at *5. Likewise, the Second Circuit also looked to § 102(7) in ascertaining the plain meaning of § 548(a)(2), but instead concluded that the statute was ambiguous. *Universal Church*, 463 F.3d at 223-25. The courts were also presented with two different rules of construction: § 102(7) of the Bankruptcy Code and § 1 of the Dictionary Act, which provides: "In determining the meaning of any Act of Congress, unless the context indicates otherwise – words importing the singular include and apply to several persons, parties, or things . . . ." 1 U.S.C. § 1. The Second Circuit noted the Church's argument that the court "should not apply § 102(7) unless it is necessary to carry out the evident intent of the statute," but rejected the use of the Dictionary Act and instead applied § 102(7) because it falls "within the specific title under consideration; its application is therefore more straightforward." *Universal Church*, 463 F.3d at 223. Consistent with both the Second Circuit's and the district court's holdings in *Universal Church*, this Court looks to § 102(7) as a contextual guide in determining the plain meaning of § 522(d)(11)(D).

[5] Section 362(b)(1) states that the filing of a petition "does not operate as a stay . . . of the commencement or continuation of a criminal action or proceeding against the debtor . . . ." 11 U.S.C. § 362(b)(1).

obligation to pay court-ordered criminal restitution arising from a conviction for bank fraud and tax crimes, and finding that its interpretation of § 362(b)(1) did not violate the general principle that exceptions to the automatic stay should be construed narrowly because the interpretation was derived from the plain language of the statute under which a debtor's obligation to pay restitution unambiguously constituted a "continuation of a criminal action or proceeding against the debtor" and the stay, therefore, did not apply.).

However, out of an abundance of caution, this Court will also consider both statutory construction and legislative history.

*2. Statutory Construction of § 522(d)(11)(D)*

Statutory construction, which is required where the plain meaning is ambiguous, is a "holistic endeavor." *United Sav. Ass'n of Texas v. Timbers of Inwood Forest Assocs. Ltd.*, 484 U.S. 365, 371 (1988). Thus, courts must interpret a statute in light of the statutory scheme as a whole. *Id.*; *see In re Bell*, 225 F.3d 203, 215 (2d Cir. 2005); *In re Dill*, 163 B.R. 221, 226 (E.D.N.Y. 1994).

Upon a finding of ambiguity, courts outside this district have looked primarily to various rules of construction in determining whether § 522(d)(11)(D) authorizes a debtor to claim personal injury exemptions arising from multiple accidents, and have reached opposite conclusions. For instance, in *Christo*, the First Circuit considered whether a debtor could claim three personal injury exemptions under § 522(d)(11)(D) up to the then statutory maximum of $15,000,[6] for a total exemption amount of $45,000. *Christo*, 192 F.3d 36, 37. Affirming the Bankruptcy Appellate Panel's (the "BAP's") decision, the majority of the First Circuit focused on each accident in which the debtor was injured and held that the debtor was only authorized to

---

[6] Pursuant to § 104, the dollar amounts contained in § 522 increase automatically every three years; the current amount of the personal bodily injury exemption as of the date of this Decision is $21,625. *See* 11 U.S.C. §§ 104(a); 522(d)(11)(D).

obligation to pay court-ordered criminal restitution arising from a conviction for bank fraud and tax crimes, and finding that its interpretation of § 362(b)(1) did not violate the general principle that exceptions to the automatic stay should be construed narrowly because the interpretation was derived from the plain language of the statute under which a debtor's obligation to pay restitution unambiguously constituted a "continuation of a criminal action or proceeding against the debtor" and the stay, therefore, did not apply.).

However, out of an abundance of caution, this Court will also consider both statutory construction and legislative history.

*2. Statutory Construction of § 522(d)(11)(D)*

Statutory construction, which is required where the plain meaning is ambiguous, is a "holistic endeavor." *United Sav. Ass'n of Texas v. Timbers of Inwood Forest Assocs. Ltd.*, 484 U.S. 365, 371 (1988). Thus, courts must interpret a statute in light of the statutory scheme as a whole. *Id.*; *see In re Bell*, 225 F.3d 203, 215 (2d Cir. 2005); *In re Dill*, 163 B.R. 221, 226 (E.D.N.Y. 1994).

Upon a finding of ambiguity, courts outside this district have looked primarily to various rules of construction in determining whether § 522(d)(11)(D) authorizes a debtor to claim personal injury exemptions arising from multiple accidents, and have reached opposite conclusions. For instance, in *Christo*, the First Circuit considered whether a debtor could claim three personal injury exemptions under § 522(d)(11)(D) up to the then statutory maximum of $15,000,[6] for a total exemption amount of $45,000. *Christo*, 192 F.3d 36, 37. Affirming the Bankruptcy Appellate Panel's (the "BAP's") decision, the majority of the First Circuit focused on each accident in which the debtor was injured and held that the debtor was only authorized to

---

[6] Pursuant to § 104, the dollar amounts contained in § 522 increase automatically every three years; the current amount of the personal bodily injury exemption as of the date of this Decision is $21,625. *See* 11 U.S.C. §§ 104(a); 522(d)(11)(D).

take one personal injury exemption, that is, to exempt money to be received from one accident. *See id.* at 38-39. In reaching this conclusion, the BAP concluded, and the circuit agreed, that a single exemption was a more natural reading of the statute, i.e., that the grammatical use of the article "a" used in conjunction with the term "payment" in the singular, calls for a singular exemption, and that the overall scheme of exemptions in § 522(d)(11) allows for only one exemption per category. *See id*. The circuit majority also reasoned that the purpose of exemptions are to provide support for debtors at a reasonably necessary level, which should not vary depending on a debtor's individual circumstances, and that while exemptions are to be liberally construed in favor of a debtor, "in certain situations, there are reasons 'to afford a more narrow reading.'" *Id.* at 39, quoting *In re Caron*, 82 F.3d 7, 10 (1st Cir. 1996).

Presented with similar scenarios, the bankruptcy courts in *Comeaux* and *Marcus* reached the opposite conclusion. In *Comeaux*, the debtors claimed three separate personal injury exemptions, that is, for injuries suffered in three separate accidents, each for the then statutory maximum of $17,425. *See Comeaux*, 305 B.R. at 805-07. In *Marcus*, the debtor claimed two personal injury exemptions, both for the then statutory maximum of $7,500. *See Marcus,* 172 B.R. at 503. Both courts held that a debtor may claim multiple exemptions under § 522(d)(11)(D), each up to the statutory maximum, for payments on account of personal bodily injuries arising from distinct incidents. *See Comeaux*, 305 B.R. at 807; *Marcus*, 172 B.R. at 505. The *Comeaux* court based its conclusion on the following: 1) the general rule of construction that exemption statutes are to be construed liberally in favor of a debtor; 2) Congress demonstrated its ability to utilize numeric and aggregate limits elsewhere in § 522 and did not do so in § 522(d)(11)(D); and 3) as a policy matter, debtors who suffer personal bodily injuries from multiple incidents should be afforded the small degree of financial protection the personal injury

exemption affords. *Comeaux*, 305 B.R. at 807. Similarly, the *Marcus* court, focusing primarily on the overall structure of the statute, reasoned that Congress could have placed numerical and aggregate limits in § 522(d)(11)(D), as it had done elsewhere in § 522(d), but chose not to do so. *Marcus*, 172 B.R. at 504.

This Court acknowledges the well-settled default rule of statutory construction that "exemptions are to be liberally construed in favor of the debtor . . . ." *In re Rasmussen*, 2010 WL 2889558, at *3 (Bankr. E.D.N.Y. July 20, 2010), *aff'd*, 456 B.R. 1 (E.D.N.Y. 2011). As a general proposition, this rule favors an interpretation authorizing debtors to take multiple exemptions; however, this "maxim is not an end unto itself and does not displace all other rules of statutory construction with regard to exemption statutes." *In re Lowe*, 252 B.R. 614, 620 (Bankr. W.D.N.Y. 2000); *see also In re Seung Oh Cho*, 2012 WL 1424508, at *4-5 (Bankr. E.D.N.Y. Apr. 24, 2012); *In re Santiago-Monteverde*, 466 B.R. 621, 623 (Bankr. S.D.N.Y. 2012), *aff'd*, 2012 WL 3966335 (S.D.N.Y. Sep 10, 2012). Section 102(7), a more specific rule of construction found directly in the Bankruptcy Code, supports a narrower construction. In choosing between a more general rule of statutory construction and a more specific rule, the more specific rule of construction controls. *See Universal Church,* 463 F.3d at 224; *Seung Oh Cho*, 2012 WL 1424508, at *5; *Santiago-Monteverde*, 466 B.R. at 623-24. Thus, statutory construction also favors denying Mr. Phillips' claim of multiple exemptions.

*3. Legislative History of § 522(d)(11)(D)*

Where plain meaning and the rules of statutory construction fail to resolve the ambiguity in a given statute, courts may also look to legislative history in determining legislative intent. *See Universal Church*, 463 F.3d at 223-24; *Dauray*, 215 F.3d at 264; *see also Aiello*, 428 B.R. at 299. Yet in this case, the legislative history in fact creates more confusion than clarity about

congressional intent, and supports both the Trustee's and Mr. Phillips' interpretations of

§ 522(d)(11)(D). *See Lamie*, 540 U.S. at 539-41 (relying on the text of the statute where the

legislative history "creates more confusion than clarity about the congressional intent.").

Here, the House Report accompanying The Bankruptcy Reform Act of 1978 states:

> Paragraph (11) allows the debtor to exempt certain compensation for losses. These include crime victim's reparation benefits, wrongful death benefits (with a reasonably necessary for support limitation), life insurance proceeds (same limitation), compensation for bodily injury, not including pain and suffering ($10,000 limitation), and loss of future earnings payments (support limitation). This provision in subparagraph (D)(11) is designed to cover **payments in compensation of actual bodily injury**, such as the loss of a limb, and is not intended to include the attendant costs that accompany such a loss, such as medical payments, pain and suffering, or loss of earnings. Those items are handled separately by the bill.

H.R. REP. No. 95-595, 95th Cong. 1st Sess. 361-62 (1977), *reprinted in* 1978 U.S.C.C.A.N.

5963, 6318, 1977 WL 9628, at *326 (the "House Report") (emphasis added).  Consistent with

this Court's textual analysis, the House Report, which was generated in conjunction with enacted

legislation, supports the position that Congress did not intend to limit § 522(d)(11)(D) to a single

payment on account of personal bodily injury, having used the plural term "payments," but

Congress did intend to cap "compensation for bodily injury" at $10,000.  Significantly, while

Congress placed a monetary limit on "compensation for bodily injury," the legislative history

does not specify whether Congress intended to limit debtors to one or multiple exemption(s) up

to the enumerated amount.

By contrast, the Report of the Commission on Bankruptcy Laws of the United States,

H.R. DOC. No. 93-137, 93rd Cong., 1st Sess. (1973) (the "Commission Report"), proposes a list

of exemptions for "other property" including, "proceeds, benefits, or other rights to which the

debtor is entitled as a result of any personal injury or unemployment . . . ." Commission Report

at § 4-503(c)(8), *reprinted in* COLLIER ON BANKRUPTCY App. Pt. 4(c), ch. 7 § A.  An explanatory

note following this provision states that while some of the proposed exemptions for "other property" contain aggregate dollar limitations, those contained in clause 8, which includes personal injury proceeds, are not similarly restricted. *Id.*

While the Court finds the Commission Report to be informative, in that it lends support to Mr. Phillips' argument that § 522(d)(11)(D)'s dollar limitation does not prohibit a debtor from claiming multiple exemptions each up to the statutory limit, the Court does not find it to be particularly persuasive. *See Disabled in Action v. Hammons*, 202 F.3d 110, 124 (2d Cir. 2000) ("[T]he most authoritative . . . materials of legislative history[] include[e]: the conference committee report, committee reports, sponsor/floor manager statement and floor and hearing colloquy. Because a conference report represents the final statement of terms agreed to by both houses, next to the statute itself it is the most persuasive evidence of congressional intent.").[7]  Of particular significance, the text of the proposed legislation set forth in the Commission Report was never adopted by Congress; that is, the distinctions between aggregate and non-aggregate values were not expressly carried over to § 522(d)(11) when it was enacted. Moreover, the Commission Report itself did not accompany any enacted legislation. Thus, this Court finds that the legislative history surrounding § 522(d)(11)(D) fails to illuminate whether Congress intended the statute to authorize a debtor to claim multiple exemptions each up to the statutory maximum and therefore places no weight on it in interpreting § 522(d)(11)(D).

---

[7] With respect to the 1978 Bankruptcy Code, Congress was unable to hold a conference prior to its passage, and thus a conference report was not created. *See Begier v. IRS*, 496 U.S. 53, 64 (1990). Moreover, the House Report states, "[t]he House Bill was passed in lieu of the Senate Bill after amending its language to contain much of the text of the Senate Bill." House Report, 1978 U.S.C.C.A.N. at 5963, 1977 WL 9628, at *1. The Senate Report does not mention § 522(d)(11)(D); rather, it simply states that, "[s]ubsection (d) protects the debtor's exemptions, either federal or state, by making unenforceable in a bankruptcy case a waiver of exemptions or a waiver of the debtor's avoiding powers under the following subsections." S. REP. No. 95-989, 95th Cong., 2nd Sess. (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5862, 1978 WL 8531, at *76. Thus, for purposes of § 522(d)(11)(D), the House Report embodies the final statement of terms agreed to by both houses. Accordingly, this Court finds the House Report to be the most persuasive source of legislative history in this matter.

As a result, the Court should look to the most reliable tool for statutory interpretation – the plain language of the statute. The plain language of § 522(d)(11)(D), read with the construction provided by § 102(7), means that a debtor may claim a single exemption for personal bodily injury, not to exceed $21,625 in the aggregate, regardless of: 1) how many payments the debtor receives or expects to receive, or 2) how many accidents or incidences occurred which caused a debtor to suffer personal bodily injuries, or 3) how many different parts of a debtor's body were injured. To conclude otherwise would lead to (a) an absurd result that vitiates the "not to exceed" cap currently at $21,625; (b) a result that limits a debtor who has annuitized his personal injury settlement to receive just the first payment; or (c) a result that would force a debtor who suffers multiple bodily injuries in one accident to pick the one injured body part he wants to serve as the basis of his exemption, whether or not such injury yields a payment which would enable the debtor to take full advantage of the statutory cap.

*Conclusion*

Therefore, this Court concludes that § 522(d)(11)(D), read in light of § 102(7), authorizes Mr. Phillips to exempt the right to receive either a payment or multiple payments received on account of either or both the Accidents, but not to exceed $21,625 in the aggregate. As such, this Court concludes that the Trustee has satisfied his burden of proof in establishing that the Exemptions were not properly claimed. *See* FED. R. BANKR. P. 4003(c).

For the foregoing reasons, it is hereby

**ORDERED**, that the Trustee's Motion, objecting to the co-debtor Anthony Christopher Phillips' claim of two exemptions under § 522(d)(11)(D) is granted as provided herein; and it is further

**ORDERED**, that the co-debtor Anthony Christopher Phillips shall file an amended Schedule C, consistent with this Order, within **thirty (30) days** from the date of entry of this Order.



Dated: December 27, 2012  
Central Islip, New York

_____  
**Alan S. Trust**  
**United States Bankruptcy Judge**